765 F.2d 146
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmy Raulerson, et al., Plaintiff-Appellant,
v.
City of Memphis, et al., defendants,
Captain Jimmy Carter; PTM. J.W. Cowan; Lt. John Talley,
Defendants-Appellees.
 No. 83-5942
 United States Court of Appeals, Sixth Circuit.
 5/23/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE
 BEFORE: JONES and KRUPANSKY, Circuit Judges; and HULL* District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant appealed from a jury verdict in favor of defendants-appellees in this civil rights action against police officers who shot and killed James Morgan Raulerson during an arrest pursuant to an undercover drug investigation.
 
 
 2
 Appellant's single contention on appeal is that the district court committed reversible error by giving the following charge:
 
 
 3
 Where the evidence, in your opinion, is evenly balanced upon any material issue, and you are unable to say which way the scales should turn in your mind, then, in that event, you must decide against the party who has the burden of proof on that issue in accordance with these instructions.
 
 
 4
 Appellant asserts that the portion of the charge quoted above constituted an improper comment by the judge on the evidence, invaded the province of the jury and held the plaintiff to a standard of proof higher than that of a preponderance evidence, thereby denying him a fair and impartial trial.
 
 
 5
 The instruction at issue is a variation of a standard charge often found in publications of model instructions. For example, both the Bench Book for United States District Judges, Federal Judicial Center, Volume 1, Nov. 1979 and the Manual of Model Jury Instructions for the Ninth Circuit (1984 Ed.) contain a sample charge which reads:
 
 
 6
 This is a civil case. The plaintiff has the burden of proving his case by what is called the preponderance of the evidence. That means the plaintiff has to produce evidence which, considered in the light of all the facts, leads you to believe that what plaintiff claims is more likely true than not. To put it differently, if you were to put p aintiff's and defendant's evidence on opposite sides of the scales, plaintiff would have to make the scales tip somewhat on his side. If plaintiff fails to meet this burden, the verdict must be for defendant.
 
 
 7
 The instruction given by the district court in this case employed the same 'tipping of scales' analogy. Both the model instructions and the instruction challenged here essentially direct the jury that if the party with the burden of proof fails to tip the scales in its favor, then the jury must find against that party. A similar instruction was upheld against a challenge in Juneau Square Corp. v. First Wisconsin National Bank of Milwaukee, 475 F. Supp. 451 (E.D. Wis. 1979). The court there charged the jury:
 
 
 8
 If from the evidence you cannot determine whether the allegations have been proved or not proved then your verdict should be for the defendants.
 
 
 9
 Id. at 460.
 
 
 10
 The instruction at issue also comports with the text of Professor Dean McCormick's treatise on evidence. In his chapter on the burden of proof, McCormick explains:
 
 
 11
 When the time for a decision comes, the jury, if there is one, must be instructed how to decide the issue if their minds are left in doubt. The jury must be told that if the party having the burden of persuasion has failed to satisfy that burden, the issue is to be decided against him. If there is no jury and the judge finds himself in doubt, he too must decide the issue against the party having the burden of persuasion.
 
 
 12
 McCormick's Handbook of the Law of Evidence, Sec. 336 at 784 (2d Ed. 1972). Similarly, Ohio Jury Instructions, Vol. 1, at 141, contains an instruction on the preponderance of evidence addressing the situation where there is doubt as to which party has prevailed on an issue:
 
 
 13
 If the weight of the evidence is equally balanced or if you are unable to determine which side of an issue has the preponderance, the party who has the burden of proof has not established such issue by a preponderance of the evidence.
 
 
 14
 In conclusion, the district court did not err by giving the burden of proof instruction at issue. Moreover, even if the disputed portion of the charge was inaccurate, this court must affirm the jury verdict if, when taken as a whole, the charge fairly represents the law as it applies to the case. Blackwell v. Sun Elec. Corp., 696 F.2d 1176, 1181 (6th Cir. 1983). Shortly before giving the charge at issue, the district court instructed the jury more fully on the meaning of the phrase 'preponderance of evidence'. Thus, in any event, the charge as a whole accurately conveyed to the jury the concept of plaintiff's burden of proof. See Arkwright Mutual Ins. Co. v. Philadelphia Elec. Co., 427 F.2d 1273, 1276 (3d Cir. 1970)
 
 
 15
 This court finds, therefore, that the challenged portion of the charge was not improper and, in any event, the charge as a whole properly conveyed plaintiff's burden of proof. Therefore, the judgment is AFFIRMED.
 
 
 
 *
 Hon. Thomas G. Hull, Chief Judge, United States District Court for the Eastern District of Tennessee, sitting by designation